# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 2:12-md-02311 Judge Marianne O. Battani Special Master Gene J. Esshaki |
| IN RE WIRE HARNESS SYSTEMS | : | Case No. 2:12-cv-00103 |
| IN RE ALTERNATORS | : | Case No. 2:13-cv-00703 |
| IN RE STARTERS | : | Case No. 2:13-cv-01103 |
| IN RE IGNITION COILS | : | Case No. 2:13-cv-01403 |
| IN RE HID BALLASTS | : | Case No. 2:13-cv-01703 |
| IN RE ELECTRONIC POWERED STEERING ASSEMBLIES | : : | Case No. 2:13-cv-01903 |
| IN RE FUEL INJECTION SYSTEMS | : | Case No. 2:13-cv-02203 |
| IN RE VALVE TIMING CONTROL DEVICES | : : : : | Case No. 2:13-cv-02503 |
| THIS DOCUMENT RELATES TO END-PAYOR ACTIONS | : : : : | |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED AMENDED SETTLEMENT WITH MITSUBISHI ELECTRIC DEFENDANTS AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASSES**

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Amended Settlement with Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (together, "Mitsubishi Electric Defendants") and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1

1. The June 8, 2016 Order Granting End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Mitsubishi Electric Defendants and Provisional Certification of Settlement Classes[1] is **VACATED**.

2. The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Amended Settlement Agreement. As provided for in the Amended Settlement Agreement and as used in the class definitions below, "Automotive Parts" means any part or part assembly designed for installation in any four-wheeled passenger automobile, van, sports utility vehicle, crossover, or pick-up truck as defined in paragraph 3 of the Amended Settlement Agreement, and includes Alternators, Starters, Ignition Coils, Fuel Injection Systems, Valve Timing Control Devices (also referred to as variable valve timing devices and/or variable timing control devices), Automotive Wire Harness Systems, HID Ballasts, and Electronic Powered Steering Assemblies.

Preliminary Approval of Amended Settlement Agreement

3. The terms of the Amended Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing. The Court finds that the Amended Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Amended Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

---

[1] *See*, *e.g.*, Order Granting End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Mitsubishi Electric Defendants and Provisional Certification of Settlement Classes, Case No. 2:12-cv-00103, ECF No. 488 (June 8, 2016).

Class Certification

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

    a. "Alternators Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Alternators as a component part, or indirectly purchased one or more Alternators as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Alternators Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Alternators directly or for resale.

    b. "Starters Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Starters as a component part, or indirectly purchased one or more Starters as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Starters Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Starters directly or for resale.

    c. "Ignition Coils Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Ignition Coils as a component part, or indirectly purchased one or more Ignition Coils as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Ignition Coils Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal

government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Ignition Coils directly or for resale.

d.      "Fuel Injection Systems Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Fuel Injection Systems as a component part, or indirectly purchased one or more Fuel Injection Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Fuel Injection Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Fuel Injection Systems directly or for resale.

e.      "Valve Timing Control Devices Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Valve Timing Control Devices as a component part, or indirectly purchased one or more Valve Timing Control Devices as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Valve Timing Control Devices Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Valve Timing Control Devices directly or for resale.

f.      "Automotive Wire Harness Systems Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Automotive Wire Harness Systems as a component part, or indirectly purchased one or more Automotive Wire Harness Systems as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Automotive Wire Harness Systems Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Wire Harness Systems directly or for resale.

g.      "HID Ballasts Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more HID Ballasts as a component part, or indirectly purchased one or more HID Ballasts as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the HID Ballasts Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased HID Ballasts directly or for resale.

h.     "Electronic Powered Steering Assemblies Settlement Class" is defined as:

All persons and entities who, from July 1, 1998, through the Execution Date purchased or leased a new vehicle in the United States not for resale, which included one or more Electronic Powered Steering Assemblies as a component part, or indirectly purchased one or more Electronic Powered Steering Assemblies as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirators of the Defendants. Excluded from the Electronic Powered Steering Assemblies Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Electronic Powered Steering Assemblies directly or for resale.

5.     The Court finds that provisional certification of the Settlement Classes is warranted in light of the Amended Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) End-Payor Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

Appointment of Settlement Class Counsel

6. The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

7. Each End-Payor Plaintiff class representative named in the Complaint will serve as End-Payor Plaintiff class representative on behalf of the Settlement Classes.

Notice to Potential Class Members

1. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Amended Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Amended Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

2. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

Other Provisions

3. In the event that the Amended Settlement Agreement is terminated in accordance with its provisions, the Amended Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Amended Settlement Agreement, and without prejudice to the status quo and rights of End-Payor Plaintiffs, the Mitsubishi Electric Defendants, and the members of the Settlement Classes.

4. The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendants, including the Mitsubishi

Electric Defendants, to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

5. The Court approves the establishment of the Settlement Funds, consisting of eight Escrow Accounts—one for each of the Settlement Classes—under the Amended Settlement Agreement as qualified settlement funds ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Amended Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

6. The litigation against Releasees (as defined in the Amended Settlement Agreement with the Mitsubishi Electric Defendants), in particular Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc., is stayed except to the extent necessary to effectuate the Amended Settlement Agreement.

Date: September 29, 2016            s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    United States District Judge